O

```
                                      FILED
                        CLERK, U.S.D.C. SOUTHERN DIVISION

                             MAR − 4 2010

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN TRI TRAN, | Case No. CV 09-3290 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

Preliminarily, the Court notes that, under 42 U.S.C. § 405(g), it reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  See

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971);

2  Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir.

3  1988). Substantial evidence is "such relevant evidence as a reasonable mind might

4  accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court

5  must review the record as a whole and consider adverse as well as supporting

6  evidence. See Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where

7  evidence is susceptible of more than one rational interpretation, the Commissioner's

8  decision must be upheld. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.

9  1984).

10        Here, for the reasons stated by the Commissioner (see Jt Stip at 8-12), the Court

11  rejects plaintiff's contention that reversal is warranted based on the alleged failure of

12  the Administrative Law Judge ("ALJ") to properly assess plaintiff's residual

13  functional capacity ("RFC"). The Court concurs with the Commissioner that plaintiff

14  has conflated the de minimis threshold determination to be made at Step Two of the

15  Commissioner's sequential evaluation process (see Bowen v. Yuckert, 482 U.S. 137,

16  153, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Webb v. Barnhart, 433 F.3d 683, 687

17  (9th Cir. 2005); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)) with the

18  determination to be made for purposes of Step Four of the most a claimant can do

19  despite the limitations caused by his or her impairments (see 20 C.F.R. §§

20  404.1545(a), 416.945(a)). The mere existence of medically determinable impairments

21  is insufficient proof of disability. The claimant bears the burden of showing that the

22  functional limitations attendant to his or her impairments were so severe as to prevent

23  him or her from engaging in any substantial gainful activity. See Matthews v. Shalala,

24  10 F.3d 678, 680 (9th Cir. 1993).

25        Plaintiff failed to meet this burden here. He is unable to dispute that there were

26  no RFC assessments from any of his treating physicians that were supportive of a

27  disability finding, and no treating physician opinions to the effect that plaintiff had

28  any functional limitations from his medically determinable impairments. In the

Court's view, when considered in the context of his findings on examination and the rest of his opinion, Dr. Borigini's use of the word "and" instead of "or" when he opined that plaintiff was able "to stand, walk, and sit for 6 hours out of an 8-hour workday with normal breaks" (see AR 226) at most created an ambiguity that was within the ALJ's province to resolve adversely to plaintiff. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.


DATED: March 4, 2010


ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE